UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:   CHAPTER 13

Michael C. Schwartz   CASE NO: GK 10-05712
Marla W. Schwartz

JUDGE: JOHN T. GREGG

Debtors

Filed: April 30, 2010

## OBJECTION TO EXEMPTION

**NOW COMES** DePerno Law Office, PLLC ("Creditor"), by and through its attorney, Matthew S. DePerno, and for its Objection to Exemption ("Objection"), hereby states as follows:

1. On April 30, 2010, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code "Petition Date").

2. On February 22, 2013, Debtors and Schwartz's HVAC, LLC (their wholly owned limited liability company) were sued in Kalamazoo County Circuit Court by Mavcon, Inc. and Metropolitan Center, LLC for tortious interference with business relationship, business defamation, breach of contract, fraudulent misrepresentation, and slander of title. This case was styled *Mavcon, Inc. and Metropolitan Center, LLC v Schwartz's HVAC, LLC, Michael Schwartz, Marla Schwartz, Midwest Roofing, LLC, and Kevin Goff* and was assigned case number 2013-0089-CZ.

3. On March 26, 2013, Debtor, Michael C. Schwartz, through his attorney James M. Giffels, filed a petition with the Workers' Compensation Agency, alleging injuries sustained between October 12, 2011 and April 12, 2012 while working on a jobsite located in the City of Kalamazoo located at 105-129 Michigan Avenue known as "Metropolitan Center" ("Workers' Compensation Case").

4. On or about June 7, 2013, Debtor Michael Schwartz terminated attorney James Giffels and he filed a motion to withdraw as counsel on July 1, 2014, which was later approved by the tribunal.

5. On or about June 14, 2013, Debtors requested that the undersigned attorney Matthew DePerno represent Debtor Michael Schwartz in the Workers' Compensation Case and also requested that he represent Schwartz's HVAC, LLC in a "counter complaint" against Mavcon, Inc., Metropolitan Center, LLC, and others for breach of contract and foreclosure of a construction lien.

6. On June 21, 2013, the undersigned attorney DePerno sent a draft of a "retainer and fee agreement" to Debtors and Schwartz's HVAC, LLC.

7. Over the next month, the retainer and fee agreement was negotiated and was signed on or about July 23, 2013. Debtors' attorney Paul Davidoff represented Schwartz's HVAC, LLC, Debtors, and their son (Michael C. Schwartz, II) in negotiating the terms of the retainer and fee agreement.

8. As part of the retainer and fee agreement, Debtor Michael Schwartz pledged any settlement in the workers' compensation case as payment for legal fees in the construction lien litigation. Specifically, the retainer and fee agreement states, "The Client agrees that in the event there is a settlement on the workers' compensation claim for Michael C. Schwartz, then the Law Firm will be paid from such proceeds for the time spent on the construction lien case."

9. In addition, the retainer and fee agreement also states that Debtors, Michael C. Schwartz, II, and Schwartz's HVAC, LLC (as the "clients") "may be asked to pay expenses on advance."

10. Further, the retainer and fee agreement provides that an "event of default" under the retainer and fee agreement shall include "(d) any representation, warranty, financial statement, report, or other information made or furnished by or on behalf of the Client to the Law Firm at any time proves to be, or has been, false or misleading when made or furnished."

11. On July 26, 2013, the undersigned attorney DePerno filed a lawsuit in Kalamazoo County Circuit Court on behalf of Schwartz's HVAC, LLC against Mavcon, Inc. and Metropolitan Center, LLC (and other defendants) for foreclosure of two construction liens, breach of contract, tortious interference with business relationship, fraudulent retention and use of trust money, fraud and misrepresentation, unjust enrichment, conversion, and breach of implied warranty. This case was styled *Schwartz's HVAC, LLC v. Mavcon, Inc., Metropolitan Center, LLC, James Dally, Metropolitan Center MT, LLC, Metropolitan Center Manager, LLC, New Markets Investment XVI, LLC, and Strategic Energy Solutions, Inc.* and was assigned case number 2013-0348-CZ.

12. On August 8, 2013, the undersigned attorney DePerno filed an appearance on behalf of Debtor Michael Schwartz in the Workers' Compensation Case.

13. The two circuit court cases were consolidated into one action on November 6, 2013 (the "State Court Matters") and remain open and pending on this date.

14. In early 2014, the attorney client relationship significantly deteriorated and Debtors and Schwartz HVAC, LLC breached the retainer and fee agreement when (a) they refused to tender payment for expenses and (b) it was discovered that documents and other information they furnished to DePerno Law Office, PLLC in connection with the State Court Matters were intentionally false, misleading, and overstated.

15. On March 17, 2014, the attorney DePerno filed a motion to withdraw as counsel in the Workers' Compensation Case, which was later approved by the tribunal. Attorney Michael Roth then filed an appearance.

16. On April 22, 2014, attorney Roth substituted into the State Court Matters as attorney for Schwartz's HVAC, LLC.

17. On February 25, 2014, April 18, 2014, and again on November 14, 2014, attorney DePerno has advised the Debtors and all attorneys involved in the Workers' Compensation Case and the State Court Matters that he has an attorney lien against any proceeds on the Workers' Compensation Case and the State Court Matters.

18. On November 21, 2014, Debtors filed an amendment to Schedule B listing "workers' compensation settlement" in the amount of $43,267.37 (Doc. # 211).

19. On that date, Debtors also filed an amendment to Schedule C claiming an exemption for the same workers' compensation settlement pursuant to 11 U.S.C. § 522(d)(11)(E).

20. DePerno Law Office, PLLC objects to the Exemption as it is impossible to know, at this point, whether the settlement qualifies for exemption under 11 U.S.C. §522(d)(11)(E). It is premature to determine if it is appropriate pursuant to 11 U.S.C. § 522(d)(11)(E). Rather, on information and belief, the settlement does not qualify for exemption under 11 U.S.C. § 522(d)(11)(E).

21. Further, DePerno Law Office, PLLC seeks leave of this Court for a lift of stay in so that it can proceed in Kalamazoo County Circuit Court on a breach of contract claim against Debtors. DePerno Law Office, PLLC claims an attorney lien against the workers' compensation

settlement, which shall not be distributed as an asset from this estate until this state claim is resolved.

22. DePerno Law Office, PLLC submits that it is appropriate that this Court deny the Exemption at this time without prejudice and to allow this Objection to stand pending outcome to the state claims.

**WHEREFORE**, DePerno Law Office prays that this Court enter the attached Order consistent with this Objection.

                                                  Respectfully submitted

                                                  DePERNO LAW OFFICE, PLLC

Dated: December 8, 2014                */s/ Matthew S. DePerno*
                                                  Matthew S. DePerno (P52622)
                                                  Attorney for DePerno Law Office, PLLC
                                                  8175 Creekside Drive, Suite 240
                                                  Portage, MI 49024
                                                  269-321-5064